UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

PERRY GILMORE                                                                               PLAINTIFF

v.                                            CIVIL ACTION NO. 3:10CV-P688-H

KENTUCKY DEPT. OF CORRECTIONS et al.                       DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Perry Gilmore, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

**Motion to amend the complaint**

Before reviewing the complaint, the Court will consider Plaintiff's motion to amend that complaint (DN 7) to add as a defendant Police Officer Jane Doe. Plaintiff explains that Jane Doe's actions are outlined in the complaint as "Shelbyville Police Officer." Plaintiff's motion to amend (DN 7) is **GRANTED**. *See* Fed. R. Civ. P. 15(a).

**I. SUMMARY OF CLAIMS**

Plaintiff is presently incarcerated at Kentucky State Reformatory. He sues the Kentucky Department of Corrections (KDOC); Roederer Correctional Complex (RCC) Warden James Sweatt in his official capacity; and RCC Correctional Officer Sisco in his individual and official capacity. He states that he was injured in a car accident while returning to RCC in a car being driven by Defendant Sisco and was not given adequate medical treatment. Plaintiff alleges that Defendant Sweatt violated his rights by allowing Plaintiff to receive a disciplinary report but not Defendant Sisco, who caused the accident. He also alleges that Defendant Sweatt failed to

properly manage subordinates by not training them what to do in the event of a car accident. He also states that Defendant Sweatt's Medical Department caused Plaintiff to have further injuries on February 2, 2010, when they put him in a chair that rolled out from under him. Finally, he alleges that he continues to receive substandard medical treatment after the accident. As relief, Plaintiff wants monetary and punitive damages and injunctive relief.

Plaintiff attaches a KDOC note regarding a motor vehicle accident on December 3, 2009. On examination at RCC on December 3, Plaintiff had stated that on a scale of 1 to 10 the pain in his neck was a 6; Plaintiff had no grimacing on palpitation of his neck; and Plaintiff had no bruising to his head, neck or chest. Plaintiff was given Ibuprofen and an x-ray of his cervical spine. According to the Progress Notes attached to the complaint, Plaintiff also was given "flexural and NSAID" for fourteen days. The x-ray taken on the day of the accident showed "minimal degenerative changes in the anterolateral borders of the cervical bodies[,] . . . joint space narrowing at C3, C4, & C5" and no recent apparent fracture. On December 4, Plaintiff returned to the clinic complaining of numbness in his arms and shoulders and was given Toradol.

On December 5, Plaintiff returned to the clinic complaining of right-side neck and shoulder pain with numbness radiating to his fingers. The clinic noted that his gait and range of motion appeared to have improved since December 4. Plaintiff was advised to continue his medications and rest. On December 9, Plaintiff indicated that he was still in pain; the progress notes state that his range of motion was minimally decreased and diagnosed a muscle strain. He was referred to physical therapy. Another medical note, dated February 2, 2010, stated that Plaintiff had come in for a blood pressure check, "sat in chair and chair went out from under

2

[him] and fell and hit head on chair rial." After Plaintiff lay on the floor for a couple of minutes, he was helped up and assessed. His blood pressure was checked, and he was given Tylenol. Plaintiff complained of being dizzy but after a few minutes he was not dizzy anymore and he was sent back to the dorm. He also attaches other notes and grievances. Those notes, grievances, and responses to grievances show that Plaintiff was given physical therapy and use of a TENS unit following the car accident.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

***Eleventh Amendment bar***

To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* § 1983. States, state agencies, and state officials sued in their official capacities for money damages are

3

not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff sues KDOC, a state agency. He also sues Defendants Sweatt and Sisco in their official capacity. Because he sues the employees in their official capacity, the claims brought against them are deemed claims against the Commonwealth of Kentucky itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Thus, Plaintiff's claims for money damages from KDOC and these state officers in their official capacities fail to allege cognizable claims under § 1983. Moreover, these Defendants are immune from monetary damages under the Eleventh Amendment. *See Will*, 491 U.S. at 71. The Court will dismiss the claims for monetary and injunctive relief against KDOC and claims for monetary relief against Defendants Sweatt and Sisco in their official capacity pursuant to §§ 1915A(b)(1) and (b)(2).

However, in *Will*, the Supreme Court noted that officials still may be sued for injunctive relief under § 1983 because "'official capacity' actions for prospective relief are not treated as actions against the State." *Will*, 491 U.S. at 71 n.10. The Sixth Circuit, in *McKay v. Thompson*, 226 F.3d 752 (6th Cir. 2000), followed this approach. There, the Sixth Circuit noted, "the Eleventh Amendment permits prospective injunctive relief, but not damage awards, for suits against individuals in their official capacities under 42 U.S.C. § 1983." *Id.* at 757. Along with monetary damages, Plaintiff's complaint also requests prospective injunctive relief. However, Plaintiff is no longer incarcerated at RCC, where both Defendants Sweatt and Sisco are employed. Therefore, his request for injunctive relief is moot. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

*Individual-capacity claim against Defendant Sisco*

With regard to Defendant Sisco, Plaintiff alleges that Defendant Sisco was driving him

4

while handcuffed and shackled and Defendant Sisco rear-ended another car. Plaintiff states that he complained of pain and Defendant Sisco responded that medical personnel would be contacted. Plaintiff states that Defendant Sisco violated his constitutional rights when he refused to allow medical personnel at the accident scene to examine him because Defendant said Plaintiff would be seen by medical personnel at their destination. Plaintiff states that Defendant Sisco delayed his medical treatment until Plaintiff "arrived to RCC some 45 minutes later" and interfered with his medical treatment by not allowing Plaintiff to go to the hospital immediately after the accident.

To establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "'deliberate indifference to serious medical needs.'" *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). Thus, to state a cognizable claim, a prisoner must show that the official "'acted or failed to act despite his knowledge of a substantial risk of serious harm'" to the inmate. *Terrance*, 286 F.3d at 843 (quoting *Farmer*, 511 U.S. at 842). Less flagrant conduct, however, may still evince deliberate indifference where there is "a showing of grossly inadequate care as well as a decision to take an easier but less efficacious course of treatment." *Id.* (quoting *McElligott v. Foley,* 182 F.3d 1248, 1255 (11th Cir. 1999)). Such grossly inadequate care is "medical treatment 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Id.* at 844 (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

The documents Plaintiff attaches to his complaint show that he was seen by prison

5

medical personnel on the day of the accident where he was examined given an x-ray and prescribed "flexural and NSAID" for fourteen days. The x-ray taken on the day of the accident showed "minimal degenerative changes in the anterolateral borders of the cervical bodies[,] . . . joint space narrowing at C3, C4, & C5" and no recent fracture. The medical notes show that on December 4, Plaintiff returned to the clinic complaining of numbness in his arms and shoulders and was given Toradol. On December 5, Plaintiff returned to the clinic complaining of right side neck and shoulder pain with numbness radiating to his fingers. The clinic noted that his gait and range of motion appeared to have improved since December 4. Plaintiff was advised to continue his medications and rest. On December 9, Plaintiff indicated that he was still in pain; the progress notes state that his range of motion was minimally decreased and diagnosed a muscle strain. He was referred to physical therapy.

It is not at all apparent from the documents attached to Plaintiff's complaint that it would have benefited Plaintiff had Defendant Sisco allowed him to be seen by medical personnel at the accident scene instead of delaying his medical treatment until Plaintiff arrived at RCC "some 45 minutes later." Nor does Plaintiff allege that he suffered any adverse effect from this 45-minute "delay" in being seen by medical personnel. *See Blackmore v. Kalamazoo County*, 390 F.3d 890, 898 (6th Cir. 2004) (where a prisoner's affliction is seemingly minor or non-obvious medical proof is necessary "to assess whether the delay caused a serious medical injury"). Consequently, Plaintiff has failed to state a claim against Defendant Sisco in his individual capacity, and this claim will be dismissed as well.

## III. CONCLUSION

For the foregoing reasons, by separate Order, this action will be dismissed.

Date:

cc: Plaintiff, *pro se*
 Defendants
 General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4412.009